**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chealcee A. Taylor, Respondent,

v.

Marcella Myers, Appellant.

Appellate Case No. 2024-001392

───────────

Appeal From Georgetown County
Melissa J. Buckhannon, Family Court Judge

───────────

Unpublished Opinion No. 2025-UP-227
Submitted June 24, 2025 – Filed June 30, 2025

───────────

**AFFIRMED**

───────────

Marcella Myers, of Georgetown, pro se.

Toni Lee Tack Pennington, of Resolve Mediation and Law, LLC, of Port Royal, for Respondent.

Brana J. Williams, of Williams Law Firm, LLC, of Surfside Beach, as the Guardian ad Litem.

───────────

**PER CURIAM:** Marcella Myers appeals the family court's final order granting Chealcee Taylor's request for restraining orders and denying Myers's counterclaim for custody of her minor child (Child), of whom Taylor was granted sole custody

pursuant to a prior family court order. On appeal, Myers argues the family court erred in declining to grant her custody of Child because (1) the birth of Child's sibling (Sibling) and Child's new relationship with Myers constituted a substantial change in circumstances, and (2) Taylor utilized false witness testimony during the family court hearing. We affirm pursuant to Rule 220(b), SCACR.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Therefore, an appellate court "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)). "However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019). Moreover, "the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings." *Id.* at 611-12, 837 S.E.2d at 232.

We hold the family court properly found there was no substantial change in circumstances and that a change in custody was not in Child's best interests. The only change in circumstances Myers points to is the birth of Sibling and the bond between Myers, Child, and Sibling. Otherwise, Myers argues Taylor alienated Child from her and generally contends that Child's interests would be best served in the custody of his birth mother. *See Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("[W]hen a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child."). However, Sibling was born before the family court granted sole custody to Taylor, and Myers has not otherwise presented evidence that any newly developed bond is such that Child's best interests would be served by a change of custody. *See Stutz v. Funderburk*, 272 S.C. 273, 278, 252 S.E.2d 32, 34 (1979) ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child will be served by the change."); *Cook v. Cobb*, 271 S.C. 136, 143, 245 S.E.2d 612, 616 (1978) ("Generally, the change of conditions which justifies a change of custody must occur after the date of a decree establishing custody, and before the action seeking to upset custody is filed."). Although Myers asserts Taylor alienated Child

from her, Myers has not presented sufficient evidence of alienation—Myers's witnesses testified Myers maintained a good relationship with Child, and the guardian ad litem (GAL) testified Taylor had never expressed any intent to keep Myers and Sibling out of Child's life. As to Myers's assertion that Taylor and her witnesses gave false testimony at trial, there was no testimony elicited that any of the statements made by Taylor or other witnesses were false, and Myers asserts this for the first time on appeal. We further hold a change of custody would not be in Child's best interest because Child has lived with Taylor since he was three months old and the GAL testified Taylor was "without a doubt" Child's psychological mother. *See id.* at 140, 245 S.E.2d at 614 ("While we recognize the preference given to parents as against others in child custody disputes, the rights of even a fit parent are merely presumptive and must yield when the best interests of the child would not be subserved."). Accordingly, we hold the family court properly denied Myers's custody modification request.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.